**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 29 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

at 9 o'clock and 00 min. A M
SUE BEITIA, CLERK

| | |
|---|---|
| DENNIS MATIAS, | ) CIVIL NO. 04-00663-SOM-KSC |
| Petitioner, | ) |
| vs. | ) |
| JOHN F. PEYTON, Director, Department of Public Safety, State of Hawaii, | ) |
| and | ) |
| JIM COOKE, Warden, Tallacatchie County Correctional Facility | ) |
| Respondents. | ) |

FINDINGS AND RECOMMENDATION THAT
PETITIONER'S (1) WRIT OF HABEAS CORPUS AND
(2) MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED

On November 10, 2004, Petitioner Dennis Matias ("Petitioner"), by and through his attorney, Peter C. Wolff, Jr., Federal Public Defender, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On March 30, 2005, the State of Hawaii filed it Answer to the Petition for Writ of Habeas Corpus; Memorandum of

Law in Opposition to Petition for Writ of Habeas Corpus. Petitioner filed his Reply Memorandum on April 13, 2005. On April 14, 2005, Petitioner filed a Motion for Judgment on the Pleadings.

This action has been referred to this court pursuant to 28 U.S.C. § 636(b) and Rule 72.5 Local Rules of Practice for the United States District Court for the District of Hawaii ("L.R."). This matter is suitable for disposition without a hearing pursuant to L.R. 7.2(d).

After carefully reviewing the written submissions and the record herein, this court FINDS AND RECOMMENDS that the Petitioner's Section 2254 Habeas Corpus Petition be GRANTED.

BACKGROUND

On March 19, 2004, Petitioner Dennis Matias was charged with the following counts:

Count I: Place to Keep Firearm in violation of Haw. Rev. Stat. § 134-6 (c) and (e);

Count II: Felon in Possession of a Firearm in violation of Haw. Rev. Stat. § 134-7 (b) and (h);

Count III: Promoting a Dangerous Drug in the Third Degree in violation of Haw. Rev. Stat. § 712-1243;

Count IV: Unlawful Use of Drug Paraphernalia in violation of Haw. Rev. Stat. § 329-43.5(a); and

Count V: Terroristic Threatening in the First Degree in violation of Haw. Rev. Stat. § 707-716(1)(d).

Petitioner was tried before a jury in the Circuit Court of the First Circuit Court, State of Hawaii.

On July 13, 2001, the jury found Petitioner guilty as to Counts 1-4, and not guilty as to Count 5.

On August 31, 2001, the prosecution moved the court to impose an extended term of imprisonment based on Petitioner's status as a persistent offender under H.R.S. § 706-661 and § 706-662(1).

At the sentencing hearing on February 25, 2002, the sentencing judge granted the prosecution's motion for an extended sentence. Accordingly, for Counts I and II, the sentencing judge imposed a term of 20 years in prison, with a mandatory minimum term of ten years

for Count I; with respect to Counts III and IV, the court sentenced Petitioner to a term of ten years imprisonment with a mandatory minimum term of 30 days for Count III.

In determining Petitioner's extended sentence, the sentencing judge found the following:

> 2. Defendant has an extensive criminal history, . . . 3. Defendant's criminality has continued despite his prior contacts with the criminal justice system. 4. Defendant has failed to benefit from the criminal justice system including programs of rehabilitation. 5. Defendant has demonstrated a total disregard for the rights of others and a poor attitude toward the law. 6. Defendant has demonstrated a pattern of criminality which indicates that he is likely to be a recidivist in that he cannot conform his behavior to the requirements of the law. 7. Due to the quantity and seriousness of the instant offenses and the findings of this Court, Defendant poses a serious threat to the community and his commitment for an extended term is necessary for the protection of the public.

Petitioner appealed his conviction to the Hawaii Supreme Court, alleging, in pertinent part, that the sentencing judge erred in imposing an extended term

of imprisonment because the facts upon which the extended term was based were not submitted to the jury for determination.

The Hawaii Supreme Court vacated and remanded for new trial Petitioner's convictions on Counts I and II, and affirmed Petitioner's convictions on Counts III and IV.[1]

Petitioner now seeks federal habeas corpus relief based on the unconstitutionality of Haw. Rev. Stat. §706-662(1).

## STANDARD OF REVIEW

Federal habeas corpus relief may only be granted where a person is held in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). Further, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides that:

---

[1] On remand, Petitioner entered a plea agreement to pled no contest in exchange for the State's agreement not to seek extended terms on Counts I and II. A judgment of conviction and sentence for Counts I and II were entered on March 17, 2004. The instant habeas petition pertains only to the extended sentences imposed for Counts III and IV.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(Supp. 2000).

## DISCUSSION

A. Petitioner Has Exhausted His State Remedies

An individual must exhaust all available State remedies before pursuing a federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). An individual is deemed to have exhausted all available State remedies when, under the law of the State involved, there is no available procedure by which the individual

has the right to raise the question presented.  See 28 U.S.C. § 2254(c).

In this case, Petitioner appealed his conviction and sentence to the Hawaii Supreme Court. The Hawaii Supreme Court affirmed the convictions on Counts II and III and vacated and remanded the conviction on Counts I and II on September 4, 2003. Accordingly, Petitioner has exhausted all of his available State remedies.[2]

> B.  The Extended Sentence and Subsequent Decision by the Hawaii Supreme Court was Contrary to and an Unreasonable Application of Clearly Established Federal Law.

Petitioner brings this habeas corpus action to challenge the extended sentences imposed on him. As stated above, the AEDPA allows for the granting of a habeas corpus only when the adjudication of a claim by the State court (1) "resulted in a decision that was contrary to . . . clearly established Federal law . . ." or (2) "resulted in a decision that was based on an

---

[2] Respondent concedes this point in footnote 3 of its Answer to Petition for Writ of Habeas Corpus.

unreasonable determination of the facts . . ."  28 U.S.C. § 2254(d)(1).

In the instant petition, Petitioner does not claim that the state court made an unreasonable determination of the facts.  Therefore, this court must determine whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law."  The Supreme Court's interpretation of the Section 2254(d)(1) standard is discussed below.

    1.   Clearly Established Federal Law

Section 2254(d) requires a district court to identify "clearly established Federal law, as determined by the Supreme Court of the United States," and determine whether the State court decision "was contrary to, or involved an unreasonable application of that law."  28 U.S.C. § 2254(d).  The "clearly established law" phrase of § 2254(d) requires that the law is determined by the Supreme Court of the United States, and refers to the "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the

time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000). In addition, "whatever would qualify as an old rule under our Teague jurisprudence will constitute . . . clearly established Federal law. . . ." <u>Id.</u> (citing <u>Stringer v. Black</u>, 503 U.S. 222, 228 (1992)). Under <u>Teague</u>, an old rule is one that does not "break . . . new ground or impos[e] . . . a new obligation on the states or the Federal Government." <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989).[3] While the <u>Teague</u> definition of old rules still applies, the source of clearly established law was restricted in <u>Williams</u> to the jurisprudence of the United States Supreme Court. <u>See</u> <u>Williams</u>, 529 U.S. at 412.

---

[3] Under <u>Teague</u>, a federal court evaluating a habeas petitioner's claim that he should have had the benefit of a rule of constitutional law must "survey the legal landscape" to determine whether the rule is "new". <u>Teague</u>, 489 U.S. at 301. A new Supreme Court holding does not constitute a new rule where it is "merely an application of the principle that governed a previous decision." <u>Id.</u> at 306 (citation omitted). "[A] case announces a new rule if the result was not dictated by precedent existing at the time." <u>Id.</u> at 301. Therefore, a new case which bases its holding on precedent which existed at the time a petitioner's state court conviction became final can be applied as clearly established federal law to the petitioner's claim for habeas relief. <u>See id.</u>

2.  "Contrary to" or "Unreasonable Application of"

The Supreme Court defined two different standards for the "contrary to" and "unreasonable application of" language of § 2254(d). The Supreme Court had held that under the "contrary to" standard, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or if it "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Id. at 413.

Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The applicable clearly established law must have been determined by the Supreme Court of the United States, and cannot be based on a lower federal court ruling. See id. at 381.

The determination of unreasonableness is an objective one, and the district court may not grant a writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect. See id. at 411-12.

Significantly, United States District Judge Susan Oki Mollway has found that Hawaii's extended term sentencing statute is unconstitutional when the finding that an extended sentence is for "public protection" is determined by a judge, not a jury. See Kaua v. Frank, 350 F.Supp.2d 848 (D. Haw. 2004).

The challenge in Kaua involved an extended sentence given to Kaua by the sentencing judge pursuant to Haw. Rev. Stat. § 706-662(4). The sentencing judge found that Kaua's prior behavior and problems justified the extended sentence for the protection of the public. Judge Mollway held that the extended sentence "violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) and represented 'a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States.'" Kaua at 860.

In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S. Ct. 2348. Further, Apprendi found that the inquiry lies not in the form of the sentencing structure, but in the effect of the procedure. The question is whether the "required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict." Id. at 494, 120 S. Ct. 2348.

Applying the principles enunciated in Apprendi, the District Court reasoned that the extended sentence found by the sentencing judge to be necessary for the protection of the public under Haw. Rev. Stat. § 706-662(4) exposed Kaua to a greater penalty than imposed upon him by the jury. Accordingly, Judge Mollway

found that this sentencing scheme was contrary to the clearly established law in <u>Apprendi</u>.

This court is guided by and adopts the analysis and reasoning set forth in <u>Kaua</u>. Importantly, the same sentencing scheme that Judge Mollway found to be in violation of <u>Apprendi</u> was employed in the instant case. In this case, the sentencing judge found, among other things, that Petitioner's extended sentence was necessary for the protection of the public due to Petitioner's "extensive criminal history" and his "total disregard for the rights of others and poor attitude towards the law." Exhibit I to Petitioner's Appendices "A" -"Q" at 4. As in <u>Kaua</u>, the sentencing judge determined the need for public protection, not the jury. Thus, the effect of the Haw. Rev. Stat. §§ 706-661 and 706-662 is to essentially remove an element from consideration by the jury. <u>Kaua</u>, 350 F.Supp.2d at 861.

As applied to the instant case, the sentencing judge's process and finding which determined the need for public protection had the result of exposing

13

Petitioner to a greater punishment given to him by the jury. This is precisely the result that was found by Judge Mollway to be in violation of Apprendi.

Accordingly, this court finds consistent with Judge Mollway's ruling in Kaua, that the extended sentences imposed upon Petitioner for the protection of the public were contrary to, and an unreasonable application of, clearly established law and therefore recommends that habeas relief be granted.

## CONCLUSION

Based on the foregoing, the court FINDS AND RECOMMENDS that Petitioner's Writ of Habeas Corpus and Motion for Judgment on the Pleadings be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, AUG 29 2005.

KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE

CIVIL NO. 04-00663 SOM-KSC. DENNIS MATIAS vs. JOHN F. PEYTON, ET AL.; FINDINGS AND RECOMMENDATION THAT PETITIONER'S (1)WRIT OF HABEAS CORPUS AND (2) MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED.