IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENNIS MATIAS, | ) | Civ. No. 04-00663 SOM/KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING AND |
| vs. | ) | SUPPLEMENTING FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| JOHN F. PEYTON, Director, | ) | PETITIONER'S 28 U.S.C. § 2254 |
| Department of Public Safety, | ) | PETITION BE GRANTED; ORDER |
| State of Hawaii; and JIM | ) | GRANTING PETITIONER'S 28 |
| COOKE, Warden, Tallahatchie | ) | U.S.C. § 2254 PETITION |
| County Correctional Facility, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER ADOPTING AND SUPPLEMENTING FINDINGS AND RECOMMENDATION THAT
PETITIONER'S 28 U.S.C. § 2254 PETITION BE GRANTED;
ORDER GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION

I.      INTRODUCTION.

        This matter is before this court on objections to

Magistrate Judge Kevin Chang's Findings and Recommendation

("F&R") of August 29, 2005.  The F&R recommended that this court

grant Dennis Matias's petition under 28 U.S.C. § 2254

("Petition") and grant his motion for judgment on the pleadings.

Matias argues that the extended sentences he received violate

Apprendi v. New Jersey, 530 U.S. 466 (2000), and that these

errors were not harmless.  Magistrate Judge Chang's F&R is a

careful and well-reasoned analysis of the issues raised in the

Petition.  After de novo review of the parts of the F&R to which

the Respondents ("State") have objected, this court adopts and

supplements the F&R and here issues Matias a writ of habeas

corpus, "the most celebrated writ in our law." See Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

II.      BACKGROUND FACTS.

The court incorporates the facts set forth in the F&R, supplementing those facts with the following discussion of uncontested facts.[1]

On March 19, 2001, Matias was charged in a five-count state criminal action. Count I charged Matias with failing to confine a pistol or revolver as required by Haw. Rev. Stat. § 134-6(c), a Class B felony under section 134-6(e). Under Haw. Rev. Stat. § 706-660, a class B felony conviction subjects a defendant to an indeterminate term of imprisonment of ten years.

Count II charged Matias with ownership or possession of a prohibited firearm by a person convicted of certain crimes in violation of Haw. Rev. Stat. § 134-7(b). Such a violation is normally a Class C violation, but, because Matias was a convicted felon, under section 134-7(h), it was a Class B felony for which he was subject to an indeterminate term of imprisonment of ten years under section 706-660.

Count III charged Matias with the Class C felony of knowingly possessing methamphetamine, a violation of Haw. Rev.

---

[1]Because the facts are uncontested, the court does not treat Matias's motion for judgment on the pleadings as one for summary judgment. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

Stat. § 712-1243 (promoting a dangerous drug in the third degree).  Under Haw. Rev. Stat. § 706-660, a Class C felony conviction subjects a defendant to an indeterminate term of imprisonment of five years.

Count IV charged Matias with unlawful use of drug paraphernalia in violation of Haw. Rev. Stat. § 329-43.5(a), a Class C felony for which he was subject to an indeterminate term of imprisonment of five years under section 706-660.

Count V charged Matias with terroristic threatening in the first degree in violation of Haw. Rev. Stat. § 707-716(1)(d), a class C felony.

On July 13, 2001, a jury convicted Matias of Counts I (place to keep pistol or revolver), II (ownership or possession of a firearm by a convicted felon), III (promoting a dangerous drug in the third degree), and IV (unlawful use of drug paraphernalia).  The jury acquitted Matias of Count V (terroristic threatening in the first degree).

Rather than asking that Matias be sentenced in accordance with section 706-660, the State filed a motion for extended terms of imprisonment pursuant to Haw. Rev. Stat. § 706-662(4).  At that time, section 706-662(4) provided:

> A convicted defendant may be subject to an extended term of imprisonment under section 706-661, if the convicted defendant satisfies one or more of the following criteria:
>
> . . . .

3

(4) The defendant is a multiple offender
whose criminal actions were so extensive that
a sentence of imprisonment for an extended
term is necessary for protection of the
public.  The court shall not make this
finding unless:

(a) The defendant is being sentenced for
two or more felonies or is already under
sentence of imprisonment for felony; or

(b) The maximum terms of imprisonment
authorized for each of the defendant's
crimes, if made to run consecutively, would
equal or exceed in length the maximum of the
extended term imposed, or would equal or
exceed forty years if the extended term
imposed is for a class A felony.

Haw. Rev. Stat. § 706-662(4) (Supp. 2001).

Matias opposed the extended sentences, arguing that
they violated Apprendi if the sentencing judge, rather than a
jury, made the "necessary for the protection of the public"
finding.  On February 25, 2002, the sentencing judge held a
hearing.  Although the sentencing judge did not expressly reject
Matias's Apprendi argument, she granted the motion for extended
terms of imprisonment.  For each conviction on Counts I and II,
the judge increased Matias's sentence from 10 years to 20 years.
For each conviction on Counts III and IV, the judge increased
Matias's sentence from 5 years to 10 years.  All of Matias's
terms of imprisonment were to run concurrently.  See Transcript
of Proceedings (Feb. 25, 2002) at 14.

On March 18, 2002, the sentencing judge entered written
findings of fact and conclusions of law.  The sentencing judge

4

found Matias to be a multiple offender who was being sentenced to
two or more felonies.  The sentencing judge then examined
Matias's criminal history, calling it "extensive."[2]  In addition
to Matias's 2001 convictions, the sentencing judge found that, on
or about June 9, 1970, and March 8, 1971, Matias had been
convicted of unlawful possession of a firearm by a person
convicted of certain crimes.  The sentencing judge also found
that, on or about January 16, 1980, Matias had been convicted of
assault in the first degree and possession of a firearm by a
person convicted of certain crimes, and that, on or about
February 21, 1980, Matias had been convicted of assault in the
first degree and reckless endangering in the first degree.  The
sentencing judge made no findings of fact as to whether Matias
had been convicted of any crime between 1980 and 2001 and made no
finding as to whether Matias had been incarcerated during any of
that time.  See Findings of Fact, Conclusions of Law and Order
Granting Motion for Extended Term of Imprisonment (March 18,
2002).

      The sentencing judge then found that Matias's
"criminality" had continued despite his prior contacts with the

_____

      [2]It appears that the sentencing judge based her
findings as to Matias's criminal history on the declaration of a
deputy prosecuting attorney for the City & County of Honolulu.
Compare Findings of Fact, Conclusions of Law and Order Granting
Motion for Extended Term of Imprisonment (March 18, 2002), with
Declaration of Lucianne Khalaf (Aug. 30, 2001).

criminal justice system, that he had failed to benefit from those
prior contacts, that he had demonstrated a poor attitude toward
the law, and that he was likely to be a recidivist.  The
sentencing judge stated:

> Due to the quantity and seriousness of the
> Defendant's past convictions and the quantity
> and seriousness of the instant offense and
> the findings of this court, Defendant poses a
> serious threat to the community and his
> commitment for an extended term is necessary
> for the protection of the public.

Findings of Fact, Conclusions of Law and Order Granting Motion
for Extended Term of Imprisonment (March 18, 2002) at 4.  The
sentencing judge ordered "an extended term of twenty (20) years
as to Counts I and II."  Id.  In her written order, the
sentencing judge did not mention that the sentences with respect
to Counts III and IV were being extended, although she had
already extended those sentences orally.  Id.

After a hearing on July 15, 2002, the Hawaii Paroling
Authority set Matias's minimum term of imprisonment for each of
the four counts to run until February 13, 2009.[3]  Nothing in the
record indicates whether the Hawaii Paroling Authority, in

---

[3]After a state judge sentences a defendant to an
indeterminate or open term of imprisonment of a certain length,
the Hawaii Paroling Authority determines the minimum length of
time that a convicted defendant must serve in prison.  For
example, if a defendant is convicted of a Class B felony and the
sentencing judge sentences that defendant to an indeterminate
term of imprisonment of ten years, the Hawaii Paroling Authority
later decides how much of that ten-year term the defendant must
serve before being eligible for parole.

setting Matias's minimum term of incarceration, considered the
extended nature of the sentences imposed on Matias for his
convictions on Counts III and IV of the criminal complaint.  Nor
does the record indicate whether the Hawaii Paroling Authority,
in setting Matias's minimum term of incarceration, took into
account the sentencing judge's finding that Matias's extended
incarceration was necessary for the protection of the public.

        Matias appealed his conviction and sentence to the
Hawaii Supreme Court.  On appeal, he again argued that his
sentence violated <u>Apprendi</u>.  <u>See</u> <u>State v. Matias</u>, 102 Haw. 300,
302, 75 P.3d 1191, 1193 (2003).  Although the Hawaii Supreme
Court rejected Matias's <u>Apprendi</u> argument, <u>see</u> <u>id.</u> at 306 n.12,
75 P.3d at 1197 n.12, it vacated Matias's conviction and sentence
for Counts I and II based on an error in the jury instructions,
remanding the case for a new trial.  <u>Id.</u> at 306, 75 P.3d at 1197.

        On or about March 17, 2004, Matias pled no contest to
Counts I and II.  The sentencing judge then sentenced Matias to
ten years of imprisonment for each of those counts, with the
sentences to run concurrently with his extended ten-year
sentences for Counts III and IV.  <u>See</u> Judgment (March 17, 2004).

II.        <u>STANDARD OF REVIEW.</u>

        The court reviews <u>de novo</u> those portions of the F&R to
which objection is made and may accept, reject, or modify, in
whole or in part, the findings or recommendation made by the

Magistrate Judge.  The court may also receive further evidence on
the matter or recommit it to the Magistrate Judge with
instructions.  The court may accept those portions of the
Magistrate Judge's findings and recommendation that are not
objected to if it is satisfied that there is no clear error on
the face of the record.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ.
P. 72(b); Local Rules 72.5 and 74.2; <u>Int'l Longshore & Warehouse
Union, Local 142, AFL-CIO v. Foodland Super Market Ltd.</u>, 2004 WL
2806517, *1 (D. Haw. Sept. 15, 2004); <u>Stow v. Murashige</u>, 288 F.
Supp. 2d 1122, 1127 (D. Haw. 2003), <u>aff'd</u>, 389 F.3d 880 (9th Cir.
2004); <u>Abordo v. State of Hawaii</u>, 902 F. Supp. 1220 (D. Haw.
1995); <u>see</u> <u>also</u> <u>Campbell v. United States Dist. Court</u>, 501 F.2d
196, 206 (9th Cir. 1974).

III.    <u>ANALYSIS.</u>

        The State objects to the F&R's conclusion that Matias's
extended sentences clearly contravene established federal law, as
determined by the United States Supreme Court.  Examining this
conclusion <u>de novo</u>, this court determines that the F&R is
correct.  Because that state court's sentencing error was not
harmless, the Petition is granted.

        Matias requests relief from the extended sentences
imposed on him under the Antiterrorism and Effective Death
Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).  The AEDPA imposes a
"highly deferential standard for evaluating state-court rulings."

Lindh v. Murphy, 521 U.S. 320, 334 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  Under § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Since the filing of the Petition, the Ninth Circuit has held that Hawaii's extended sentencing law, Haw. Rev. Stat. § 706-662, violates Apprendi because it allows a judge to make the factual finding that a convicted person's incarceration is necessary for the protection of the public, thereby increasing a sentence beyond the range justified by the jury's determination of guilt.  According to the Ninth Circuit, such a determination by a judge is contrary to clearly established federal law, as determined by the Supreme Court.  See Kaua v. Frank, 436 F.3d 1057, 1062 (9th Cir. 2006) (holding that, to the extent it mandates that a judge may make a factual determination that an

extended sentence is necessary for the protection of the public, Haw. Rev. Stat. § 706-662 clearly violates <u>Apprendi</u>).

In <u>Kaua</u>, the Ninth Circuit affirmed this court's granting of a § 2254 petition on facts that are indistinguishable from the present case. Accordingly, for the reasons set forth in <u>Kaua</u>, 436 F.3d 1057, Matias has shown that, when the sentencing judge extended his sentences on Counts III and IV pursuant to Haw. Rev. Stat. § 706-662 based on the judge's finding that the extended sentences were necessary for the protection of the public, the requirements of § 2254(d)(1) were satisfied.

Even though Matias has demonstrated that the <u>Apprendi</u> violations satisfy § 2254(d)(1), the State argues that this court should deny habeas relief because the errors were harmless.[4]

---

[4]Matias argues that the harmless error analysis is inapplicable here because the <u>Apprendi</u> violations are "structural defects" for which relief is automatic, rather than trial errors for which the harmless error analysis applies. The court disagrees. The Supreme Court applies the harmless error analysis to "trial errors," rather than to "structural defects." <u>See</u> <u>Brecht</u>, 507 U.S. at 623, 629-30. The Ninth Circuit has held that "<u>Apprendi</u> errors are not structural and therefore are subject to harmless-error analysis." <u>Summerlin v. Stewart</u>, 341 F.3d 1082, 1121 (9th Cir. 2003) (en banc), <u>rev'd on other grounds sub nom.</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348 (2004); <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 670 (9th Cir. 2002) (noting that the Ninth Circuit does not consider <u>Apprendi</u> errors to be structural); <u>accord</u> <u>United States v. Perez-Ruiz</u>, 353 F.3d 1, 17 (1st Cir. 2003) ("Accordingly, we join several of our sister circuits in holding that the failure to submit appropriate drug type and quantity questions to the jury does not constitute structural error."), <u>cert. denied</u> 541 U.S. 1005 (2004); <u>United States v. McDonald</u>, 336 F.3d 734, 738 (8th Cir. 2003) ("<u>Apprendi</u> did not recognize or create a structural error that would require per se reversal" (quotation and citation omitted)); <u>United States</u>

See, e.g., United States v. Banuelos, 322 F.3d 700, 706 (9th Cir. 2003) (after determining that an Apprendi error existed on direct review, the Ninth Circuit then examined whether the error was harmless); see also Brecht v. Abrahamson, 507 U.S. 619, 622-23 (1993) (holding that courts should apply a harmless error standard in determining whether to grant a habeas petition). This court concludes that the Apprendi violations here were not harmless.

As an initial matter, this court must decide which harmless error standard to apply. See, e.g., O'Neal v. McAninch, 513 U.S. 432, 437-38 (1995) (discussing the two harmless error standards). In Brecht, the Supreme Court held that courts should examine whether the error had a "substantial and injurious effect or influence" in determining whether habeas relief must be granted in light of a constitutional trial error.[5] See Brecht,

v. Adkins, 274 F.3d 444, 454 (7th Cir. 2001) ("it is now well established in this circuit that Apprendi errors in both the indictment and the charge to the jury are subject to harmless error analysis"); United States v. Vazquez, 271 F.3d 93, 103 (3d Cir. 2001) (rejecting the contention that an Apprendi violation is a structural defect, and holding that an Apprendi violation is both a trial and a sentencing error); United States v. Smith, 240 F.3d 927, 930 (11th Cir. 2001) ("Apprendi did not create a structural error that would require per se reversal.").

[5]Brecht noted that the harmless error standard is different on direct review and on habeas review of constitutional errors. On direct review, the State has the burden of proving that an error was harmless beyond a reasonable doubt. See Brecht, 507 U.S. at 630; United States v. Banuelos, 322 F.3d 700, 706 (9th Cir. 2003) (applying the "harmless beyond a reasonable doubt" standard on direct review to an Apprendi error); United

507 U.S. at 637-38; see also Bains v. Cambra, 204 F.3d 964, 977
(9th Cir. 2000) ("we now join the vast majority of our sister
circuits by deciding that the Brecht standard should apply
uniformly in all federal habeas corpus cases under § 2254"); Mack
v. Battaglia, 385 F. Supp. 2d 751, 766 (E.D. Ill. 2005) (holding
that, in reviewing an Apprendi violation on a § 2254 petition, a
petitioner is only entitled to relief if the violation had a
"substantial and injurious effect or influence in determining . .
. the sentence" (quotations and citation omitted)).

    Although Brecht stated that a petitioner is not
entitled to habeas relief unless the petitioner can establish
that it resulted in actual prejudice, see id. at 637, the Supreme
Court later questioned the usefulness of applying a "burden of
proof" to the harmless error analysis on collateral review.  See
O'Neal, 513 U.S. at 437.  Instead of pointing to a state or a
petitioner as having such a burden, O'Neal stated:

        When a federal judge in a habeas proceeding
        is in grave doubt about whether a trial error

States v. Garcia-Guizar, 234 F.3d 483, 488 (9th Cir. 2000)
(stating in a case on direct review that a defendant's sentence
cannot stand unless the district court's constitutional Apprendi
error was harmless beyond a reasonable doubt).  Although the
State at the hearing before this court acknowledged that it had
the burden of proving that the Apprendi error was harmless beyond
a reasonable doubt, the court does not apply that standard here
or hold the State to that position.  The court applies the less
stringent "substantial and injurious effect or influence"
standard.  If the "harmless beyond a reasonable doubt" standard
were applied, it would, of course, lead to the conclusion that
the Apprendi errors here were not harmless.

12

> of federal law had substantial and injurious
> effect or influence in determining the jury's
> verdict, that error is not harmless.  And,
> the petitioner must win.

O'Neal, 513 U.S. at 437 (quotations omitted).  The Supreme Court

said there is a "grave doubt" if, "in the judge's mind, the

matter is so evenly balanced that he feels himself in virtual

equipoise as to the harmlessness of the error."  Id. at 435.  In

other words, an uncertain judge should treat the error as if it

had a "substantial and injurious effect or influence" on the

outcome and should therefore find the error to have been harmful.

Id. at 435-36.

     This court has, at the very least, "grave doubt" that

the extended sentences imposed on Matias for Counts III and IV in

violation of Apprendi were harmless.[6]  The sentencing judge made

her "necessary for the protection of the public" finding based in

part on what she deemed to be Matias's "extensive" criminal

history.  However, Matias's "extensive" criminal history prior to

the 2001 convictions involved crimes that he had committed at

least twenty-one years earlier.  Moreover, as the jury acquitted

Matias of the terroristic threatening charge, convicting him of

only the nonviolent firearm and drug offenses,[7] it is not clear

---

     [6]The court notes that, because the Hawaii Supreme Court
found no Apprendi violation, it made no determination as to the
harmlessness of any such errors.

     [7]The court notes that the convictions underlying the
extended sentences at issue here appear to have been based on

that the jury would have imposed extended sentences.  The jury may well have determined that it was unnecessary to incarcerate Matias for extended terms to protect the public.  As the Apprendi errors in the present case were not harmless, Matias is entitled to relief under § 2254.

The court is unpersuaded by the State's argument that the ten-year extended sentences for Counts III and IV were harmless errors because Matias was also sentenced to ten years of imprisonment for Counts I and II.  The State cites no authority indicating that this court, when examining whether an Apprendi error is harmless on collateral review, should examine the length of incarceration a defendant is serving, rather than facts before the sentencing judge.  Even if the court were to examine the length of Matias's sentences for purposes of the harmless error analysis, the court cannot say that Matias's minimum time of incarceration, as determined by the Hawaii Paroling Authority, was unaffected by Matias's extended sentences on Counts III and IV and by the judicial finding that Matias's extended incarceration was necessary for the protection of the public.  Nothing in the record indicates whether the Hawaii Paroling Authority considered the extended nature of the sentences for

---

Matias's possession of a "crystal pipe" with 0.331 grams of a substance containing methamphetamine in it.  See Matias, 102 Haw. at 303, 75 P.3d at 1194.  The nature of these drug convictions differs significantly from the nature of Matias's previous convictions, as found by the sentencing judge.

Counts III and IV or the protection of the public finding in setting Matias's minimum term of incarceration.[8]  The ten-year minimum terms set by the Hawaii Paroling Authority for Counts I and II may have been affected by the extended ten-year terms for Counts III and IV, so it is pure bootstrapping to say that the extended terms for Counts III and IV simply mirror the terms for Counts I and II.

IV.      <u>CONCLUSION.</u>

For the foregoing reasons, the court adopts the F&R, supplementing it as set forth above.  Matias's § 2254 Petition is GRANTED.  The State of Hawaii is ordered to resentence Matias in

---

[8]At the hearing, the State argued that, after the Hawaii Supreme Court's decision in the underlying case, Matias may have agreed to a mandatory minimum ten-year sentence on Counts I and II.  Nothing in the record supports that contention.

a manner consistent with this order.  The Clerk of Court is
directed to enter judgment in Matias's favor and to close this
case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2006.


/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


Matias v. Peyton, Civ. No. 04-00663 SOM/KSC; ORDER ADOPTING AND SUPPLEMENTING
FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE
GRANTED; ORDER GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION