IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS MATIAS, ) | CIV. NO. 04-00663 SOM/KSC |
| ) | |
| Petitioner, ) | MEMORANDUM IN SUPPORT |
| ) | |
| vs. ) | |
| ) | |
| JOHN F. PEYTON, Director, ) | |
| Department of Public Safety, State of ) | |
| Hawaii; JIM COOKE, Warden, ) | |
| Tallahatchie County Correctional ) | |
| Facility, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## **MEMORANDUM IN SUPPORT**

1.  This Court issued judgment in this habeas proceeding on March 30, 2006. This Court granted the habeas petition and ruled that the State's imposition of extended, ten-year terms of imprisonment on two class C felony offenses in State Cr. No. 01-1-0648 violated petitioner's Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2001). Under that same criminal number, petitioner had been sentenced to (concurrent) ordinary, ten-year terms of imprisonment for two class B felonies; this Court's ruling did not affect these ordinary terms. This Court rejected the State's argument that the extended terms were harmless in light of the ordinary terms, noting, among other things, that the extended

terms had an effect on the minimum term the Hawaii Paroling Authority would impose and thus affected when and whether petitioner would be released on parole.

The State did not appeal this Court's ruling to the Ninth Circuit. Nor has the State obtained an amended judgment in Cr. No. 01-1-0648, much less one that accords with this Court's judgment. Rather, on June 19, 2006, the Hawaii Paroling Authority fixed petitioner's minimum terms on the two class B felonies at 8 years and 6 months. Petitioner's counsel in the present matter has twice written to Deputy Prosecuting Attorney Ryan Yeh, once on July 3, 2006, and again on April 18, 2007. Mr. Yeh did not reply to either letter. The State did not take an appeal in this matter to the Ninth Circuit.

2.   In granting habeas relief to petitioner,[1] this Court necessarily vacated the State's judgment against petitioner to the extent that it authorized extended terms. This Court's judgment expressly ordered the State "to resentence [petitioner] in a manner consistent with [its] order" adopting and supplementing the magistrate's findings and recommendations and granting the petition. The State has

---

[1] The relief petitioner expressly requested was that this Court "vacate [the] state trial court's order granting the State's motion for imposition of extended-term sentences on Counts 3 and 4; vacate [the] extended-term sentences on Counts 3 and 4; direct the state trial court to enter an amended judgment, imposing the ordinary terms of imprisonment authorized by the jury's guilty verdicts on Counts 3 and 4[.]"

2

not resentenced petitioner; indeed, it never even commenced resentencing proceedings in the past thirteen months.

In light of the State's dalliance in resentencing petitioner in accord with this Court's order, and its refusal to respond to inquiries by petitioner's counsel, petitioner brings this motion for an order directing the State to execute this Court's judgment or, failing to do so within a prescribed time, for this Court to amend its judgment to grant, unconditionally, the petition and vacate the State's judgment on the two class C felonies.

3.  This Court has jurisdiction to entertain this motion and issue the requested order. See Stein v. Wood, 127 F.3d 1187 (9th Cir. 1997). In Stein, the Ninth Circuit held that a district court retains jurisdiction over a state prisoner's motion in a habeas case for an order directing his immediate release. See Stein, 127 F.3d at 1188. In doing so, the Ninth Circuit noted that the district court retains jurisdiction to ensure that its judgment is executed. See id. at 1189 (noting that the district court retains jurisdiction to aid "execution of a judgment that has not been superseded" (citing In re Thorp, 655 F.2d 997, 998 (9th Cir. 1981))).

Stein filed a habeas petition in federal court under 28 U.S.C. § 2254 contesting his state conviction and sentence for three counts of attempted first degree murder and one count of burglary. See Stein, 127 F.3d at 1188. The district court granted the State of Washington summary judgment on most of Stein's claims. But,

3

after an evidentiary hearing on several other claims, it granted Stein a writ of habeas corpus on his claim that Washington had deprived him of his right to direct appeal. See id. Like this Court in petitioner's case, the federal district court in Stein did not release the petitioner. Rather, it conditioned the writ, directing Washington to reinstate Stein's right to appeal within 90 days. See id. This Court's issuance of the writ in petitioner's case was similarly "conditional." The condition was that the State resentence petitioner in a constitutional fashion, pursuant to the state sentencing statutes that could properly be applied to him.

In addition to the district court's summary judgment ruling on his other claims, Stein appealed the federal district court's issuance of a "conditional" writ, under which he would only be released if Washington failed to reinstate his direct appeal. See id. The Ninth Circuit affirmed the district court's judgment. See id. However, while the appeal was pending, Stein filed a motion in the district court, akin to petitioner's here, seeking an order directing his immediate release, since Washington had not reinstated his right to appeal and, thus, had not complied with the district court's writ of habeas corpus. See id. The district court dismissed the motion for lack of jurisdiction, reasoning that the filing of the notice of appeal had divested it of jurisdiction to hear it. See id. The Ninth Circuit held that the district court erred in ruling that it lacked jurisdiction to entertain such a motion while the appeal was pending. See id. at 1189-1190.

4

It is well established that, generally speaking, the filing of a notice of appeal "divests a district court of jurisdiction over those aspects of the case involved in the appeal." Id. at 1189 (citations omitted). This general rule is not absolute and is riddled with exceptions. See id. Among other things, a district court retains jurisdiction pending appeal to correct clerical errors or clarify its judgment, or to supervise the status quo pending appeal, or to correct an illegal sentence. See id. (citations omitted). Important here is that this Court retains jurisdiction to aid in the "execution of [its] judgment." See id. at 1189-1190. This includes, as was at issue in Stein, whether the State has complied with any explicit or implicit conditions attached to a writ of habeas corpus. See id.

This Court also retains jurisdiction — as Stein held — over a petitioner's custody or release in a habeas proceeding pending appeal. See id. The Stein Court adopted the reasoning of the Third and Sixth Circuits and of one of this Court's sister district courts. See id. (discussing Jago v. U.S. Dist. Ct., N. Dist. of Ohio, 570 F.2d 618 (6th Cir. 1978); United States ex rel. Thomas v. New Jersey, 472 F.2d 735 (3rd Cir. 1973); Franklin v. Duncan, 891 F. Supp. 516, 518 (N.D. Cal. 1995)). Essentially, these courts all reasoned that the district court retained jurisdiction because "the question concerning the physical custody of the [petitioner] pending further review does not affect the matters involved in the appeal itself." Stein, 127 F.3d at 1189 (quoting Jago, 570 F.2d at 611); accord Thomas, 472 F.2d at 742-743 (district court

5

retains jurisdiction to issue orders regarding petitioner's custody or release pending appeal); Franklin, 891 F. Supp. at 518 (same). If this Court retains such jurisdiction when the State files a, normally jurisdiction-stripping, notice of appeal, it certainly has such jurisdiction in the present matter, in which the State did *not* file a notice of appeal.

        Petitioner does not go so far as the petitioners in Stein, Jago, Thomas, and Franklin did. His primary request herein is not that he be immediately released, but that the State be ordered to produce a valid amended judgment in this Court within a prescribed time period. He requests that this time period be no greater than fourteen days, given the lapse of time that has already occurred. Moreover, entry of an amended judgment imposing ordinary terms of imprisonment is little more than ministerial in nature and should not require an inordinate amount of time or expense. If the State fails to produce a valid judgment, petitioner urges that this Court simply amend its judgment to unconditionally vacate the State's judgment in Cr. No. 01-1-0648 on counts 3 and 4, the two class C felonies that were the subject of his habeas petition in this Court. This remedy does not effect petitioner's release, since the State's judgment on counts 1 and 2 remains valid. It would, however, allow petitioner to request that the Hawaii Paroling Authority reconsider its minimum term decision.

In accord with the foregoing, petitioner urges this Court to grant his motion for and order regarding execution of this Court's judgment in the present matter.

DATED: Honolulu, Hawaii, May 3, 2007.

                                    /s/ Peter C. Wolff, Jr.
                                    PETER C. WOLFF, JR.
                                    Attorney for Petitioner
                                    DENNIS MATIAS